UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOAMS RANDEL HARGROVE,

                Plaintiff,

v.

KENNETH QUINN, et al.,

                Defendants.

Case No. C09-390-RSM-BAT

**REPORT AND RECOMMENDATION**

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Thomas Hargrove identifies two claims in his amended complaint.[1] In his first claim, plaintiff alleges that defendants Kenneth Quinn, Don McCraw, James Reese, Ed Klopfer, and Darlene Heintz "blacklist[ed]" him from prison employment in retaliation for filing prison grievances and exercising other First Amendment rights. In his second claim, plaintiff alleges that defendants Michael Murphy and Scott Frakes unlawfully converted his private funds to public funds in order to secure an interest benefit for the state.

Defendants Frakes and Murphy now move for summary judgment. Plaintiff has filed a

---

[1] The amended complaint identifies three claims in total. However, the third claim identified was a retaliation claim asserted on behalf of a plaintiff identified only as John Doe. At this juncture, Mr. Hargrove is the only plaintiff in this action.

REPORT AND RECOMMENDATION- 1

response in opposition to defendants' motion for partial summary judgment and defendants have filed a reply brief in support of their motion.[2] The Court, having reviewed defendants' motion, plaintiff's response thereto, and the balance of the record, concludes that defendants' motion for partial summary judgment should be **GRANTED** and that plaintiff's amended complaint and this action should be **DISMISSED** with prejudice as to defendants Murphy and Frakes.

## DISCUSSION

Plaintiff asserts in his amended complaint that defendant Michael Murphy, former Washington State Treasurer, and Scott Frakes, current Superintendent of the Monroe Correctional Complex, unlawfully converted plaintiff's moneys to public funds in order to secure an interest benefit for the State.[3]  (Dkt. No. 9 at 6-7.)  Defendants argue in their motion for partial summary judgment that plaintiff previously brought his claim concerning unlawful conversion or taking of his money in an action in Snohomish County Superior Court and that the doctrine of res judicata therefore bars relitigation of that claim here. (Dkt. No. 27 at 6-7.) Defendants further argue that defendants Murphy and Frakes should be dismissed from this action because neither personally participated in any deprivation of plaintiff's constitutional rights. (*Id*. at 7-8.)

## Summary Judgment Standard

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] Defendants' reply brief was filed at the request of the Court. (*See* Dkt. No. 31.)

[3] As defendants note in their motion for summary judgment, though plaintiff uses the terms "convert" and "converted" in the statement of his claims against defendants Murphy and Frakes, the allegations are set forth under the heading "Facts Relevant to the Taking Clause" suggesting that plaintiff intends to allege an unconstitutional taking of property without due process of law and not a state common law tort of conversion. (*See* Dkt. No. 27 at 2 n. 1.) Plaintiff confirms in his response to defendants' motion that he intends to assert a federal constitutional claim. (Dkt. No. 29 at 2.)

REPORT AND RECOMMENDATION- 2

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986).  Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Id*.  Material facts are those which might affect the outcome of the suit under governing law. *Id*.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case.  *See* Fed. R. Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.  In ruling on a motion for summary judgment, the court is required to draw all inferences in a light most favorable to the non-moving party.  *Id*. at 248.  The court may not weigh the evidence or make credibility determinations.  *Id.*

Res Judicata

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties from relitigating issues that were *or could have been* raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added).  The United States Supreme Court has made clear that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (citing *Allen*, 449 U.S. 90 (1980); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982); *Haring v. Prosise*, 462 U.S. 306 (1983)).

REPORT AND RECOMMENDATION- 3

1    Under Washington law, the threshold requirement for res judicata is a final judgment on

2 the merits in a prior action. *Hisle v. Todd Pacific Shipyards Corp.*, 151 Wn.2d 853, 865 (2004).

3 Once that threshold requirement is met, res judicata occurs when a prior judgment and a

4 subsequent action have a concurrence of identity in four respects: (1) subject matter; (2) cause of

5 action; (3) person and parties; and, (4) the quality of the persons for or against whom the claim is

6 made. *Id*. at 865-66 (citing *Rains v. State*, 100 Wn.2d 660, 663 (1983)).

7    It is undisputed that in 2007, plaintiff and two other inmates filed a civil action in

8 Snohomish County Superior Court alleging violations of state and federal law arising out of the

9 banking policies and procedures of the Washington Department of Corrections ("DOC") as

10 implemented at the Monroe Correctional Complex ("MCC"). (See Dkt. No. 27, Ex. 4, Attach.

11 A.) Plaintiffs identified as defendants in that action Harold Clarke, then Secretary of the

12 Washington Department of Corrections, Kenneth Quinn, then Superintendent of the Monroe

13 Correctional Complex, and the Washington Department of Corrections. (*See id.*)

14    Among the claims asserted in that action was a claim that defendants violated the Taking

15 Clause when they converted private inmate funds to state property and received the benefit of

16 bank interest on the plaintiff's money. (*See* Dkt. No. 29, Ex. 1 at 12.) The conversion,

17 according to the plaintiffs in that action, occurred when money sent to them at the institution was

18 deposited into a public funds account at the Bank of America which was operated under the state

19 treasury. (*Id.*)

20    On October 15, 2009, an order was entered in Snohomish County Superior Court

21 granting summary judgment to defendants on plaintiffs' conversion and takings claims,

22 plaintiffs' claims concerning DOC inmate banking practices, and plaintiffs' claims for interest on

23 their savings and regular accounts. (Dkt. No. 27, Ex. 4, Attach. B.) All of those claims were

REPORT AND RECOMMENDATION- 4

1  dismissed with prejudice.  (*Id.*)

2  The threshold requirement for res judicata is met here as there was a final judgment on the merits in the Snohomish County action.  (*See id.*)  Thus, this Court must consider whether there is sufficient identity of claims and parties for res judicata to apply.  Defendants argue that the taking and conversion claims asserted in the Snohomish County action are the same as the claims asserted in this action.  Plaintiff argues that the two suits did not involve the same causes of action.

8  When determining whether causes of action are identical for purposes of res judicata, courts have considered the following criteria:  whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; whether substantially the same evidence is presented in the two actions; whether the two suits involve infringement of the same right; and whether the two suits arise out of the same transactional nucleus of facts.  *Rains*, 100 Wn.2d at 664 (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).  In *Constantini*, the Ninth Circuit described the "same transactional nucleus" as the most important criteria.  *Constantini*, 681 F.2d at 1202.

16  A brief overview of the manner in which offender funds are managed in the State of Washington will assist in the determination of whether the claims asserted in the two actions are, in fact, the same.  Pursuant to state statute, RCW 72.02.045, the superintendents of the various correctional institutions are the custodians of inmate's funds.  All offenders have a personal trust account maintained for them by DOC utilizing the Trust Accounting System. (Dkt. No. 27, Ex. 1 at 1 and Attach. A at 3.)  Because offenders are not allowed to possess currency, any money received by an inmate is deposited in a personal trust account. (Dkt. No. 27, Ex. 1 at 1.) Offenders are able to access money in their spendable accounts by filling out a written

1    authorization for DOC to debit the account.  (*Id*., Ex. 1 at 1-2 and Attach. A at 4-5.)

2        Pursuant to DOC Policy 200.000, offender funds are maintained in a non-interest bearing
3    checking account with an authorized Federal Deposit Insurance Corporation financial institution.
4    (*Id*., Ex. 1, Attach. A at 2.)  Offender funds in the custody of DOC are consolidated into a single
5    account by facility or region and are deposited in an agency approved local bank.  (*Id*.)  The
6    account in which inmate funds are retained is a state account, established at the Bank of
7    America, which is accessible only by authorized state officials/agents.  (Dkt. No. 29, Ex. 3.)  The
8    account is not accessible by any inmate.  (*Id*.)  Offenders are not allowed to maintain separate
9    individual savings, checking, or investment accounts.  (*Id*.)

10       Plaintiff attempts to distinguish the conversion and takings claims presented in the
11   Snohomish County action from the takings claim presented in this action by suggesting that this
12   action is not concerned with DOC banking processes, as was the Snohomish County action, but
13   is instead concerned with what happens to inmate funds after they are deposited by DOC and are
14   under the control of the state treasury.  However, regardless of how plaintiff attempts to parse out
15   the claims, the gravamen of the takings claims, as presented in both actions, is that when
16   plaintiff's personal funds are deposited into the Bank of America account established by the
17   state, they are thereby converted into public funds and an interest benefit accrues to the state.
18   According to plaintiff, it is the interest benefit which violates the takings clause.  This interest
19   benefit was clearly at issue in both actions.  Thus, this Court is satisfied that the cause of action
20   alleged against defendants Murphy and Frakes in this case is the same as the cause of action
21   alleged, and disposed of on the merits, in the Snohomish County case.

22       Plaintiff also argues that his current claims are not barred by res judicata because neither
23   Michael Murphy nor Scott Frakes was named as a defendant in the prior action.  Defendants

REPORT AND RECOMMENDATION- 6

argue that while defendants Murphy and Frakes were not specifically identified as parties in the Snohomish County action, they are in privity with the parties named in that action.

The Washington Courts have held that "[d]ifferent defendants in separate suits are the same party for res judicata purposes as long as they are in privity." *Ensley v. Pitcher*, 152 Wn. App. 891, 902 (2009) (citing *Kuhlman v. Thomas*, 78 Wn. App. 115, 121 1995)). A person is in privity when that person is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters, Inc. v. U.S. Forest* Service, 399 F.3d 1047, 1052-53 (9th Cir. 2005) (citation omitted). *See also, Owens v. Kuro*, 56 Wn.2d 564, 568 (1960) ("Privity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation and the rule is construed strictly to mean parties claiming under the same title. It denotes mutual or successive relationship to the same right or property.").

Defendant Frakes is the current Superintendent of MCC. At the time plaintiff filed his action in Snohomish County, Kenneth Quinn was the Superintendent of MCC. It appears clear that Frakes and Quinn were identified as defendants in the two separate actions because plaintiff's claims concerned the management of inmate funds and, pursuant to state statute, the Superintendent is the custodian of those funds. The Court is satisfied that defendant Frakes represents the same right in respect to the subject matter involved in the Snohomish County action.

Defendant Murphy is the former State Treasurer. He was not specifically named as a defendant in the prior Snohomish County action even though the plaintiffs in that action specifically complained about the conversion of inmate funds to state ownership and the deposit of those funds into an account operated by the state treasury. According to plaintiff, defendant

REPORT AND RECOMMENDATION- 7

1 Murphy's liability in this action arises out of the fact that he was responsible for the contract
2 pursuant to which the public funds account containing the inmate funds was opened with the
3 Bank of America and, thus, was ultimately responsible for the interest benefit that accrued to the
4 State through the operation of that account.  However, as explained above, the issue of whether
5 an alleged interest benefit improperly accrued to the State from funds deposited at the Bank of
6 America on behalf of DOC inmates was resolved in the previous Snohomish County action.  It
7 thus appears clear that defendant Murphy represents the same right in respect to the subject
8 matter involved in the Snohomish County action.

9       As defendants have established an identity of claims in the prior Snohomish County
10 action and in this action, as well as a privity of parties in the two actions, this Court concludes
11 that plaintiff's claims against defendants Frakes and Murphy are barred by the doctrine of res
12 judicata.[4]

13 CONCLUSION

14       For the foregoing reasons, this Court recommends that defendants' motion for partial
15 summary judgment be **GRANTED** and that this action be **DISMISSED** with prejudice as to
16 defendants Murphy and Frakes.  A proposed Order accompanies this Report and
17 Recommendation.

18       DATED this 26th day of April, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

23 [4] Because plaintiff's claims are clearly barred by the doctrine of res judicata, the Court need not consider defendants' argument that they lacked personal participation.

REPORT AND RECOMMENDATION- 8